Case number 09-3201, the estate of John Sanfilippo. All right, counsels, when we started the first of all argument, I didn't indicate the normal routine, which is 15 minutes for each side. The appellant has the right to reserve any portion of that for rebuttal. But we're going to try to keep it to 15 minutes for each side. And there are two parties here, I believe. Please divide those 15 minutes between you two. On behalf of the appellant, counsel, you can step forward and introduce yourself. My name is Matt Johnson. I'm an appellant for Sanfilippo. I will have no problem keeping within the time constraints. This is a 619 motion, sustained by an appellate judge. As a result of a ruling on two respondents to petitions to recover assets. It started out with petitions to discover assets, background, family. We're well familiar with the facts of this case. We also know statute of limitations issues. And here's my initial question. Why, if the judge, first it was discover assets petition. And then that was converted to a recovery petition. Why not just go forward with recovery? Why were new causes of action filed if the estate was to be the ultimate beneficiary of any favorable ruling by the circuit court? The probate court, in fact. Where do you get a fiduciary claim? Where do you get a malpractice claim against the attorney? And who is going to benefit? Well, I think that the estate is a potential beneficiary. My client, David, the brother of John. And we say an intended beneficiary of Mr. Rothstein's work would benefit separately and individually. So that's, isn't that part of the judge's ruling? That as to your client benefiting individually, I'm not sure that he can take advantage of the citations that were filed. And sort of relate it back, not only relate it back to the original filings, but to say not only were those filed timely. And if this relates back to then, that your client is entitled to benefit in that regard, too, by asserting new and independent claims. If, Your Honor, there was a breach of a fiduciary duty by one brother to another, John breaching a fiduciary duty to David, both as beneficiaries of their father's estate, because assets which should have been in the estate were not included, subject to the citations, then I think that David does have an independent cause of action. And that's how I would deal with Your Honor's question. Okay. And I think that the chronology is pretty clear that the judge was just wrong on the timing. It's a 619 motion. There's a jury demand. David gives an affidavit as to when he discovered these things, and it's in our supplemental appendix and in our appendix. One of the other problems that the trial court noted was that, and maybe counsel noted in his brief, was that many of the allegations that you assert to support the timeliness of these claims are based on information and belief, as opposed to facts. And don't we need at least an allegation of fact as opposed to an allegation of information and belief? Well, I submit that on this motion, these motions, they've admitted there's a cause of action. It's a matter of law on a 619 motion. And we should have been entitled to get into discovery so that what was alleged on information and belief would be, then we could amend to say now we know, based on the Justice Department's following three things, that it's not on information and belief anymore. So is your position that any time you make an allegation based on information and belief, that precludes a judge from dismissing that action? No, I'm not saying that. So you have to meet at least a minimum threshold. There's a threshold. I'm not saying that at all. And she ruled that you didn't meet that minimum threshold. We submit that she's just wrong because of the allegations in the complaint, not all of which were on information and belief. Well, which factual allegation would have made the complaints timely in that they fell within that? Or are you relying entirely on relation back? Relation back to me is the key to the case. If it doesn't relate back, we're out of no place. Okay. So having said all that, and the court being aware of the particular focus of our appeal, I really don't have any more to say. I'll stand on what I've said in the brief. Sure. And I'll ask you not to consider anything later. Well, we thank you for your succinctness. Thank you. Thank you, Counsel. Bearing in mind the limited nature of. . . was the brother of the petitioner. Right. I would point out that the question you asked, David's independent cause of action, this isn't an independent cause of action by David. It's an ancillary action by David through the estate. Had he filed his own action, his own complaint, and alleged late discovery of this information, we probably wouldn't be addressing that issue. All right. Judge Coleman clearly showed that it wasn't David's knowledge. It was the decedent's. It was the decedent's and only the decedent's knowledge that is relevant here. And there is no allegation in the complaint, in the amended complaint, that Mr., the decedent, had a late discovery of anything. Also, I would like to point out, which is pretty clear, that the November 1st citation, November 1st, 2006 citation, said nothing of this family settlement agreement. And the petition for recovery, the first amended, and the second amended petition for recovery, really that's the basis of the cause of action for breach of fiduciary duty. It all relates to this family settlement agreement. And the case law, Schoenig, specifically states that in the event there's a relation back, it has to put the defendant on notice of all claims, of everything he is supposed to be defending. Certainly, it's our position that the brief citation to discover does not come close. And I think Judge Coleman pointed that out as well. I don't really have much more to add on that. If you have any questions, I'd be happy to address those. I think everyone has clearly stated the real issue before us, and it is the Genova review, and we'll keep that in mind. Thank you, Counsel. Thank you. Good morning, Mayor. Good morning. Joel Tiefelman on behalf of Robert Brosnan. As you know, Robert Brosnan was the attorney for the decedent. And the decedent died in 2004, and the action wasn't filed until? Until 2007, the first recovery. It's a two-year statute of limitations. Actually, we would say, as Judge Coleman ruled, that when the family settlement agreement was executed in 2002, that starts the period. Two years expired before he died. So we feel like that's the end of the issue. They have alleged that he didn't know about the claim, and therefore, under subsection C, the statute wouldn't start until later. We say if that's the case, then subsection D, that the injury occurs upon death, he can't have learned of it after his death. But he seeks to get past that by claiming a beneficiary? He says, I personally learned about it after my father's death, and therefore, I can delay things until that period. We see no basis in law for that. Well, there's no authority for that, even. There's no authority cited. Then a third party, who's already been represented by his own attorney, could somehow claim that he's stepping into the shoes of a person who's deceased and then acquiring knowledge after the, well, after the deceased. And certainly the deceased hasn't acquired any further knowledge. But what I think he's saying is we want to have it both ways. We want my personal knowledge to rule, but the claim to be brought in the name of my father so that I can avoid the other problems. We think there's no basis for that. As far as the other claim, his father, a third party beneficiary to this contract, we think that's equally baseless. Simply put, he had his own attorney. He was not intended as a beneficiary of this. The official alleges that their purpose was to separate their interests and to protect the father from liability in case there was anything done by the sons. So we don't believe there's any basis for it. Moreover, the law for an intended beneficiary requires that it's the primary purpose of the representation that it was to benefit that third party. Clearly, we don't think that's the case. My client represented a decedent. He represented him, and through his conclusion of his representation in 2002, no claim was filed against him until 2007. The discovery citation and subsequently the recovery citation, we think it's all barred by the statute of limitations. All right. Well, thank you very much. Thank you. Any rebuttal? Less than two minutes. All right. Go ahead, sir. With regard to the lawyer, Mr. Rothstein, the evidence in the record shows that he gave a deposition in which he acknowledged that he never discussed the family settlement agreement with the deceased. He signed the family settlement agreement for the deceased, and David learns all this about the lack of the contact between Mr. Rothstein and the deceased later on after the death of the father. But didn't the father hire the lawyer, and didn't he direct the lawyer to do what he wanted to do with the businesses? We don't know that. That's why it's a fact issue, Your Honor. It should have been developed in discovery, and if we go back, that's what we'll do. And with regard to the citation issue, the first citation talks to the first petition. So did the attorney in the deposition say that he was hired by the son to do this? No, no. He didn't say that. Yes, that's correct. He did testify about what the nature of his representation was. Right. I couldn't agree more. All right. Well, then to say simply that he didn't discuss what was in it at a later point in time doesn't really raise the question of fact as to what he was directed to do by that client when he began his preparation of the family settlement agreement. We can't tell that from the record, Your Honor. And with regard to the citation to discover assets, the first one talks about a list of properties where there may have been a misappropriation of assets. So I submit the first citation was sufficient to put the brother on notice. All right. Well, thank you very much, Mr. Johnson. The case will be taken under vice.